UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**ILZA FERREGUETTI,**

    Plaintiff,

v.

**DELAWARE NORTH COMPANIES TRAVEL HOSPITALITY SERVICES, INC.**, a Florida corporation,

    Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, ILZA FERREGUETTI, by and through the undersigned counsel and on behalf of all those similarly situated, (hereinafter as "Plaintiff"), hereby brings this action against Defendant, DELAWARE NORTH COMPANIES TRAVEL HOSPITALITY SERVICES, INC. (hereinafter as "Defendant"), for violations under, inter alia, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111, and the Florida Civil Rights Act of 1992.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. § 1331, this being a suit under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq., and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601.  Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida pursuant to 28 U.S.C. § 1367.

## VENUE

2. Venue is proper in the United States District Court for the Southern District of Florida as the alleged violations herein took place in Broward County, Florida, and the Defendant is a Florida corporation who transacts business in Broward County, Florida, and the alleged violations that is the basis of Plaintiff's Complaint occurred within the District and venue, therefore, properly lies in this Court.

## PARTIES

3. Plaintiff, ILZA FERREGUETTI, is an individual residing in the County of Broward, State of Florida. Plaintiff became employed and hired by Defendant on or about August 2004, and worked for Defendant as a "Hostess/Waitress/Bartender".

4. The Defendant, DELWARE NORTH COMPANIES, is a corporation formed and existing under the laws of the State of Florida.

5. Plaintiff alleges that Defendant has discriminated against her because of her disability and/or perceived disability, for taking FMLA leave intermittently, and for filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination under the ADA.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff has exhausted her administrative remedies. On February 1, 2013, Plaintiff duly filed a Charge of Discrimination with the EEOC. See Exhibit "A", EEOC Charge.

7. On March 31, 2014, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

8. This action is commenced within ninety (90) of receipt of the Notice of Rights conferring jurisdiction on this Court. See Exhibit "B", Notice of Right to Sue.

## ALLEGATIONS

9. Plaintiff was employed by Defendant from approximately August 2004 to October 2013, as a "Hostess/Waitress/Bartender". Plaintiff was employed as a "Bartender" for the majority of her employment including during the relevant period of time to this action.

10. In approximately 2010, Plaintiff began to suffer from rheumatoid arthritis, migraine headaches, and depression.

11. Prior to approximately 2010, Plaintiff did not seek any medical leave.

12. Prior to 2010, Plaintiff had never been written-up by Defendant, or provided any warnings of any kind, in regards to her job performance.

13. In approximately 2010, as Plaintiff's condition worsened, Plaintiff was forced to take intermittent FMLA leave to attend doctor appointments and to allow for the condition to improve..

14. Specifically, Plaintiff experienced swelling and pain in her hands, wrists, and feet.

15. Despite the pain and inflammation, Plaintiff was capable of performing the essential functions of her job with the Defendant.

16. All medical leave time was approved by Defendant.

17. In approximately October 2012, due to Plaintiff's medical condition and the effects of the medications that she was taking, Plaintiff made an accommodation request that she be switched from the night shift to the day shift. Plaintiff requested the day shift so that she would be able to rest at night when the inflammation was worse. This request was made despite the day shift being significantly slower in terms of customers and tips usually received than the night was.

18. In support of Plaintiff's request to be accommodated in October 2012, Plaintiff submitted medical notes from three (3) different doctors supporting her request to her Manager,

David Nadelli, another Manager named Pierre (last name unknown), and to Human Resources.

19. On December 26, 2012 and January 10, 2013, Plaintiff further submitted additional medical notes supporting her request for an accommodation to work the day shift.

20. Defendant denied Plaintiff's request to accommodate her need to be moved to the day shift from the night shift.

21. Due to Defendant continued rejection of Plaintiff's request for accommodation to be switched to a day shift, Plaintiff was forced to file a Charge of Discrimination under the ADA for discrimination, with the EEOC, on February 1, 2013.  Please see Exhibit "A".

22. It was not until approximately one (1) to two (2) months after the Plaintiff filed a Charge of Discrimination with the EEOC did Defendant relent and accommodate her request to be switched to a day shift from a night shift.

23. Thereafter, on September 1, 2013, Plaintiff, whose known first language is Spanish, was provided with a Certification Test, in English, with no advance warning of same.  Plaintiff has a known difficult time reading and communication in English.

24. Plaintiff advised that due to her lack of command of the English language, she could not possibly take this Certification Test.

25. Defendant, in response, provided a written warning to Plaintiff for failing to take the Certification Test.

26. On October 17, 2014, Plaintiff, while working as a Bartender, was accused by Defendant of violating an internal rule which specified that Bartenders were not permitted to provide more than two (2) drinks to a customer at once.

27. Plaintiff was thereafter suspended for one (1) week while Defendant investigated their allegation.

28. Defendant had, based on information and belief, working surveillance on the bar at the time of the incident, which likely would have provided immediate information to determine whether Defendant's allegations were substantiated or not.

29. After a week suspension, Plaintiff was terminated from her position on October 24, 2013. Defendant cited only to a receipt of a "mystery shopper" which showed three (3) alcoholic beverages purchased. However, as with the case with most bars, customers routinely left a tab open. The receipt in question was not conclusive on the timing of the drinks purchased.

30. Plaintiff immediately requested that she be shown the video surveillance of the incident, and her request was denied by Defendant.

## **COUNT I – DISABILITY DISCRIMINATION UNDER THE ADA**

31. Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 29 of this Complaint.

32. At all times material hereto, Defendant was a "covered employer", as defined by the ADA.

33. At all times material hereto, Plaintiff was a covered employee, as defined by the ADA.

34. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff by not providing an accommodation to Plaintiff, until after she was forced to file a Charge of Discrimination with the EEOC.

35. Defendant knowingly and willfully discriminated against Plaintiff in violation of the ADA.

36. As a result of Defendant's violations of the ADA, Plaintiff has been damaged. Plaintiff lost her job, her reputation was damaged, which caused humiliation and emotional and physical anguish, and has exacerbated Plaintiff's depression.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

    i. Lost wages/back pay;

    ii. Reinstatement or, alternatively, payment of front pay in lieu of reinstatement;

    iii. Payment for any lost benefits;

    iv. Compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

    v. Punitive damages for the malicious and reckless conduct described above, in an amount to be determined at trial;

    vi. Prejudgment interest;

    vii. Costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 12205; and for

    viii. Any other relief that the Court deems appropriate.

## COUNT II – DISABILITY RETALIATION

37. Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 29 of this Complaint.

38. By the conduct described above, Defendant has engaged in unlawful employment practices and retaliated against Plaintiff by illegally taking adverse employment actions have she filed a Charge of Discrimination with the EEOC, alleging violations under the ADA, including, but not limited to: suspensions from work, formal write-ups, and terminations of her employment.

39. Defendant knowingly and willfully retaliated against Plaintiff in violation of the ADA.

40. As a result of Defendant's violations of the ADA, Plaintiff has been damaged. Plaintiff

lost her job, her reputation was damaged, which caused humiliation and emotional and physical anguish, and has exacerbated Plaintiff's depression.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

i. Lost wages/back pay;

ii. Reinstatement or, alternatively, payment of front pay in lieu of reinstatement;

iii. Payment for any lost benefits;

iv. Compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

v. Punitive damages for the malicious and reckless conduct described above, in an amount to be determined at trial;

vi. Prejudgment interest;

vii. Costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 12205; and for

viii. Any other relief that the Court deems appropriate.

## COUNT III – DISABILITY DISCRIMINATION UNDER FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760

41. Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 29 of this Complaint.

42. The above actions by Defendant constitute a violation of Florida Statutes, Chapter 760 for discrimination.

43. As a result of Defendant's unlawful conduct, Plaintiff has been damaged. Plaintiff lost her job, her reputation was damaged, which caused humiliation and emotional and

physical anguish, and has exacerbated Plaintiff's depression.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

    i.    Lost wages/back pay;

   ii.    Reinstatement or, alternatively, payment of front pay in lieu of reinstatement;

  iii.    Payment for any lost benefits;

  iv.    Compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

   v.    Punitive damages for the malicious and reckless conduct described above, in an amount to be determined at trial;

  vi.    Prejudgment interest;

 vii.    Costs and reasonable attorneys' fees; and for

viii.    Any other relief that the Court deems appropriate.

### COUNT IV – DISABILITY RETALIATION UNDER FLORIDA CIVIL RIGHTS ACT OF 1992, CHAPTER 760

44. Plaintiff hereby alleges and incorporates by reference the allegations set forth in Paragraphs 1 to 29 of this Complaint.

45. The above actions by Defendant constitute a violation of Florida Statutes, Chapter 760 for discrimination.

46. As a result of Defendant's unlawful conduct, Plaintiff has been damaged. Plaintiff lost her job, her reputation was damaged, which caused humiliation and emotional and physical anguish, and has exacerbated Plaintiff's depression.

WHEREFORE, Plaintiff prays that this Honorable Court enters an Order against Defendant for:

ix. Lost wages/back pay;

x. Reinstatement or, alternatively, payment of front pay in lieu of reinstatement;

xi. Payment for any lost benefits;

xii. Compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

xiii. Punitive damages for the malicious and reckless conduct described above, in an amount to be determined at trial;

xiv. Prejudgment interest;

xv. Costs and reasonable attorneys' fees; and for

xvi. Any other relief that the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

47. Plaintiff demands a jury trial on all issues so triable.

DATED:  June 28, 2014

        MILITZOK & LEVY, P.A.
        *Attorneys for Plaintiff*
        The Yankee Clipper Law Center
        3230 Stirling Road, Suite 1
        Hollywood, Florida 33021
        (954) 727-8570 - Telephone
        (954) 241-6857 – Facsimile
        bjm@mllawfl.com

        By: /s/ Brian Militzok
        BRIAN J. MILITZOK, ESQ
        Fla. Bar No.: 0069993